UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SHAWN BROWN,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN DEBBIE ASUNCION,<br><br>        Respondent. | CASE NO. CV 18-8892-MWF (FFM)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire record in this action, the Report and Recommendation of United States Magistrate Judge ("Report") (Docket No. 23), and the objections to the Report (Docket No. 29). Good cause appearing, the Court concurs with and accepts the findings of fact, conclusions of law, and recommendations contained in the Report after having made a *de novo* determination of the portions to which objections were directed.

      The Court notes that, in his Objections, Petitioner presents new evidence and new claims to support his ineffective assistance of counsel grounds for relief. "A district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation," but it "must actually exercise its discretion, rather than summarily accepting or denying the motion." *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

Here, the Court, in its discretion, elects not to address the new evidence and claims that Petitioner has raised in his Objections. As an initial matter, the evidence on which Petitioner relies -- his own declaration -- in pertinent part, consists of inadmissible hearsay evidence, as it sets forth out-of-court statements allegedly made by his initial counsel for the truth of the matter asserted. Moreover, Petitioner has had ample time and opportunity to state the nature of his claims and any evidence supporting those claims. Indeed, he filed an amended petition in which could have set forth any evidence or legal theories supporting his many grounds for relief. That he elected do so in his Objections, as opposed to in his amended petition or in any request to file another amended petition, does not warrant consideration of his evidence and legal theories at this late stage.

Regardless, even if the Court were to consider the claims and evidence that Petitioner has asserted for the first time in his Objections, those claims would fail. The new evidence and theories advanced by Petitioner in his Objections pertain to his ineffective assistance of counsel ground for relief. But the allegations of attorney error that he alleges in his Objections (and the evidence supporting them) fail, either because they are not supported by competent evidence or because Petitioner suffered no prejudice in light of the overwhelming evidence of his guilt that is detailed in the magistrate judge's Report. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694

///
///
///
///
///
///
///
///
///

104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (explaining that counsel's error warrants habeas relief only if reasonable probability exists that, but for error, result would have been different).

IT IS THEREFORE ORDERED that judgment be entered dismissing the First Amended Petition on the merits with prejudice.

DATED: December 19, 2019

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE